## In re HOLOCAUST VICTIM ASSETS LITIGATION

**Miriam Rubin, Individual Holocaust Survivor, Doris Fedrid, Individual Holocaust Survivor, Helga Gross, Individual Holocaust Survivor, National Federation of the Blind, USA, German Council of Centers for Self–Determined Living of Disabled People, Germany, Finist, Russia, Equal Ability Limited, United Kingdom, Through the Looking Glass, USA, Disabled Persons International, Canada, World Institute on Disability, USA, Center for Independent Living, Bulgaria, Disability Rights Education and Defense Fund, USA, Center for Independent Living, Berkeley, USA, California Foundation for Independent Living Center, San Francisco, USA, Independent Living Resource Center San Francisco, Computer Technologies Program, USA, Ragged Edge/Avocado Press, USA, Legal Advocacy for the Defense of People with Disabilities, Japan, National Confederation of Disabled Persons, Greece and De juRe Alapitvany, Hungary, Appellants,**

Polish American Defense Committee, Inc., a non-profit California Corporation, Irving Wolf, Disability Rights Advocates and Director of International Affairs and Representative to the United Nations of Agudath Israel World Organization, Movants,

Judah Gribetz, Special Master,

Jacob Friedman, Estelle Sapir and Miriam Stern, on behalf of themselves and all other persons similarly situated, Plaintiffs,

World Jewish Restitution Organization, South Florida Holocaust Coalition and Thomas Weiss, Intervenors–Plaintiffs,

v.

Plaintiffs' Executive Committee Settlement Class, Interested–Party–Appellee,

Washington State Insurance Commissioner, Gregory Tsvilichovsky, Matvey Yentus, Sofiya Bloshteyn, Olga Tsvilikhovskya, Larisa Ryabaya, Roza Yentus, Pavel Aronov, Lubov Starodinskaya and Eliazar Bloshteyn, Interested–Parties,

Union Bank of Switzerland, Swiss Bank Corp., also known as Swiss National Bank, Banking Institutions # 1–100, John Does # 1–100, Certain Swiss Bank Accounts described as follows: All accounts and funds maintained at Credit Suisse, or any other financial institution in Switzerland held in the name or for the benefit of, Swiss Bankers Assoc., Swiss Bankers Association and Bank of International Settlements, Defendants.

Docket No. 04–2466–CV.

United States Court of Appeals, Second Circuit.

Argued: May 16, 2005.

Decided: Sept. 9, 2005.

Sid Wolinsky, Disability Rights Advocates, Oakland, CA for Appellants.

Burt Neuborne, New York, NY (Melvyn I. Weiss, Deborah M. Sturman, Milberg Weiss Bershad & Schulman LLP, New York, NY; Morris A. Ratner, Caryn Becker, Lieff Cabraser Heimann & Bernstein, LLP, New York, NY) for Appellees.

Before: MESKILL, NEWMAN, and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Three named individuals and several organizations representing persons with disabilities appeal from memoranda and orders of the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*) dated April 2, April 12, and April 21, 2004. In its memoranda and orders, the District Court declined to adopt the proposal of Disability Rights Advocates ("DRA"), a non-profit law center that exclusively represents individuals with disabilities, for the allocation of the historic $1.25 billion settlement in the litigation styled as the Holocaust Victim Assets Litigation.

In its proposal, the DRA argued that "[t]he massive administrative and financial efforts aimed at locating and identifying disabled beneficiaries [of the settlement] have failed to secure adequate results, in large part because the disabled population, of which disabled Holocaust survivors are a part, remains isolated and cut off from the different societies in which they live, distanced from the mainstream channels of communication and the dissemination of information." *See* DRA Proposal at 4, *at* J.A. 3024. The DRA therefore urged that the District Court "place between 2% and 3% of all residual unclaimed funds into a 'trust that will provide grants to disability oriented, non-profit, non-governmental organizations' with a goal of 'advancing the human rights of people with disabilities.'" *In re Holocaust Victim Assets Litig.*, 311 F.Supp.2d 407, 415 (E.D.N.Y.2004) (quoting DRA Proposal at 6, 43, *at* J.A. 3026, 3063). Moreover, as the District Court explained,

> The DRA recommend[ed] that up to 10% of the proposed reallocation of 2%–3% be devoted specifically to grants devoted to disability commemorative, remembrance, and memorial purposes. The funds would go primarily to countries where needy Holocaust survivors reside, but they would in no way be limited to providing direct (or indirect) relief for survivors. Instead, the principal goal would apparently be to improve the social standing of people with disabilities in the countries where they are most marginalized. There would be no explicit connection to the Holocaust required.

*Id.* at 415 (citation omitted).

In a memorandum and order of April 2, 2004, the District Court declined to adopt the DRA's proposal, principally on the ground that priority in settlement fund allocations should be accorded to identifiable needy Holocaust survivors who "face life-threatening needs on a daily basis." *Id.* at 419.

On April 12, 2004, the DRA moved for reconsideration and raised several objections to the District Court's management of the settlement, including allegations of inadequate notice and failure to afford due process. On the same day, the District Court denied the DRA's motion for reconsideration and overruled its objections. *See In re Holocaust Victim Assets Litig.*, No. CV 96–4849 (E.D.N.Y. Apr. 12, 2004). The District Court set forth the grounds for these rulings in a memorandum of April 21, 2004. *See In re Holocaust Victim Assets Litig.*, 314 F.Supp.2d 155 (E.D.N.Y.2004).

We heard three other appeals from the District Court's allocation and distribution

orders in tandem with appellants'—one brought by, *inter alia,* the Pink Triangle Coalition ("PTC") (No. 04–2511); another brought by, *inter alia,* the Holocaust Survivors Foundation–U.S.A., Inc. ("HSF") (No. 04–1898); and a third brought by Samuel J. Dubbin (No. 04–1899). We adjudicated these appeals in separate opinions filed today. *See In re Holocaust Victim Assets Litig.,* 424 F.3d 158 (2d Cir. 2005) (PTC appeal); *In re Holocaust Victim Assets Litig.,* 424 F.3d 132 (2d Cir. 2005) (HSF appeal); *In re Holocaust Victim Assets Litig.,* 424 F.3d 150 (2d Cir. 2005) (Dubbin appeal).

In the opinion addressing the HSF's appeal, we summarized the claims underlying the Holocaust Victim Assets Litigation and its procedural history. *See In re Holocaust Victim Assets Litig.,* 424 F.3d at 135 – 45. We assume familiarity with that account.

Our disposition of the PTC's appeal forecloses the bulk of the claims raised by appellants here. The PTC, a consortium of international gay and lesbian organizations, had (1) objected to the District Court's allocation of certain settlement funds for the benefit of destitute Holocaust survivors on the ground that, for a series of historical reasons, extremely few victims of Nazi persecution of homosexuals can be identified; and (2) proposed that 1% of the settlement fund be set aside for, *inter alia,* scholarly, educational, and outreach efforts related to Nazi persecution of homosexuals. The District Court overruled the PTC's objection and declined to adopt the PTC's proposal, substantially for the same reasons that it rejected the DRA's proposal. *See In re Holocaust Victim Assets Litig.,* 311 F.Supp.2d 407, 419. Today we affirmed. *See In re Holocaust Victim Assets Litig.,* 424 F.3d at 169. We fully recognize that the historical and current chal-

lenges facing Holocaust survivors who are members of the disabled community are in many respects distinct from those facing survivors who are members of the gay and lesbian community. We nonetheless hold that our rejection of the PTC's appeal compels us likewise to reject appellants' claim that the District Court exceeded its discretion by declining to adopt the DRA's proposal.

We have also considered appellants' other claims, including, *inter alia,* their notice and due process claims, and, substantially for the reasons stated by the District Court in its memorandum of April 21, 2004, *see In re Holocaust Victim Assets Litig.,* 314 F.Supp.2d 155, we find them to be without merit.

CONCLUSION

For the foregoing reasons, the District Court's memorandum and order of April 2, 2004, order of April 12, 2004, and memorandum of April 21, 2004 are hereby affirmed.